**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Rajbir Singh Cheema,
Petitioner
-vs-
Kevin Curran, et al.,
Respondents.

CV-17-3692-PHX-SPL (JFM)

**Report & Recommendation**
**on Petition for Writ of Habeas Corpus**

## I.  MATTER UNDER CONSIDERATION

Petitioner, a now removed alien, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 11, 2017 (Doc. 1), challenging the denial of asylum and resulting order of removal.  On January 31, 2018, Respondents filed their Response (Doc. 18).  Petitioner has not replied.

The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure.

## II.  RELEVANT FACTUAL & PROCEDURAL BACKGROUND
## A.  ADMINISTRATIVE AND JUDICIAL PROCEEDINGS

**Removal and Asylum Application** - Petitioner, a native and citizen of India, was ordered removed on November 16, 2012 based on his having overstayed a D-2 Visa. (Exhibit B, Form I-259.)  (Exhibits to the Answer, Doc. 18, are referenced herein as "Exhibit ___." Exhibits to the Petition, Doc 1, are referenced herein as "Pet. Exhibit ___.")  Petitioner filed through counsel Singh an Application for Asylum, seeking asylum under INA § 208 (8 U.S.C. § 1158), withholding of removal under INA § 240 (8

1

U.S.C. § 1229a, and withholding under the Convention Against Torture. (Pet. Exhibit C, Asylum Order, 6/3/13.)  The applications were denied on June 3, 2013, and Petitioner appealed through counsel Singh to the Board of Immigration Appeals.  (Pet. Exhibit D, Decision 10/11/13.)  On October 1, 2013, the BIA sustained the judge's decision and dismissed the appeal.  (*Id.*)

**Ninth Circuit Appeals** - On September 3, 2013 (before the BIA's decision), Petitioner filed with the Ninth Circuit in case 13-73070, a Petition for Review of the BIA decision.  On February 24, 2014, that petition was dismissed on the government's motion, based on lack of jurisdiction.

After the BIA's decision, Petitioner again sought review by the Ninth Circuit, in case 13-73920, on November 8, 2013.  However, the appeal was dismissed on August 25, 2014 for failure to prosecute, based on the failure to file an opening brief.  (Pet. Exhibit E, 9th Cir. Docket 13-73920.)

**Suspension of Counsel** - Petitioner's counsel was suspended by the BIA on December 29, 2014 for various professional deficiencies, including having a paralegal make telephonic appearances in his place.  (Pet. Exhibit F, BIA Decision 12/29/14.)  Singh was suspended by the California State Bar on May 6, 2015, based on misconduct in various immigration proceedings. (Pet. Exhibit G, Actual Suspension.)

**Motion to Reopen** – In October 2017, through new counsel David Gardner (present habeas counsel), Petitioner filed with the BIA a Motion to Reopen and Emergency Motion for a Stay of Removal, arguing that reopening was justified because of counsel Singh's ineffectiveness in presenting Petitioner's case to the BIA and failing to prosecute his appeals to the Ninth Circuit.  (Pet. Exhibit J.)   That motion was denied on November 24, 2017.  (Pet. Exhibit E, BIA Order 11/24/17.)

Petitioner then filed with the Ninth Circuit Court of Appeal a Petition for Review of that proceeding.  (Exhibit F, Docket 9th Cir. 17-73421.)   Petitioner's opening brief in that case is due May 18, 2018. (*Id.* at Doc. 1, Order 12/22/17.)

**Motions to Stay** - In the meantime, on October 3, 2017 Petitioner filed an

administrative Application for Stay (Form I-246), which was denied on October 6, 2017. (Pet. Exhibit L.)

On October 10, 2017, the BIA denied the application for a stay of removal included in Petitioner's Motion to Reopen. (Pet. Exhibit K.)

On October 11, 2017, Petitioner filed the instant habeas petition, and a Motion for Temporary Restraining Order (Doc. 2), seeking to stay his removal. The Court was informed that Petitioner had been removed on October 11, 2017, and denied the motion for TRO. (Order 10/13/17, Doc. 5.)

## B.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 11, 2017 (Doc. 1). Petitioner's Petition asserts a single ground for relief: "that his asylum proceedings were fundamentally unfair, in violation of the due process clause, because counsel's performance was so ineffective as to be nonexistent." (Order 1/5/18, Doc. 12 at 1.)

In particular, Petitioner argues that counsel: (1) in the original asylum proceeding failed to include a supporting declaration, records supportive of Petitioner's claims, and relevant facts, and he included inaccurate information; (2) failed to timely move to reopen with the BIA; and (3) failed to file an opening brief with the Ninth Circuit, resulting in the dismissal of the appeal.

On October 13, 2017, the Court issued an Order to Show Cause (Doc. 5), directing Petitioner to show cause why the case should not be dismissed for lack of jurisdiction on the basis that at the time he filed his Petition he had already been removed. Petitioner eventually responded (Docs. 9, 10, and 11), arguing continuing "custody" as a result of the removal order, and that Petitioner may have still been in custody on his flight to India at the time the Petition was filed.

In the Service Order (Doc. 12), the Court ruled that "Petitioner raises a prima

facie case that he was still in custody at the time this Petition was filed,"[1] concluded that "the proper respondents to this action are the United States Attorney General Jeff Sessions and the Secretary of Homeland Security Elaine Duke," and directed that they answer. (*Id.* at 1, 3.)

**Response** - On January 31, 2018, Respondents filed their Response ("Answer") (Doc. 18). Respondents argue under 8 U.S.C. § 1252(a)(5) and 1252(b)(9), Petitioner's sole judicial remedy for claims relating to his immigration proceedings is an appeal to the circuit court of appeals, and thus this Court lacks jurisdiction to review the claim. Respondents also argue that Petitioner's claim of ineffective assistance before the Ninth Circuit is barred by the prudential exhaustion rule, because he failed to file a motion to recall the Ninth Circuit's mandate and reinstate the Petition for Review before that court. Respondents argue in a footnote that "[i]f Petitioner filed his habeas petition after he was no longer detained, this Court should deny his petition as moot." (Doc. 18 at 6, n. 1.)

**Reply** – On January 31, 2018, the Court issued an Order (Doc. 19) setting a deadline of March 7, 2018 for Petitioner to reply in support of his petition. To date, Petitioner has not filed a reply.

### III.  APPLICATION OF LAW TO FACTS
#### A.  MOOTNESS

Respondents argue in a footnote that "[i]f Petitioner filed his habeas petition after he was no longer detained, this Court should deny his petition as moot." (Doc. 18 at 6, n. 1.) Respondents argue "[t]he record is unclear as to whether he was still detained at the time of filing." (*Id.*)

Defenses relegated to a footnote are not fairly raised. "Arguments raised in footnotes are not preserved." *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006).

---

[1] The Court did not explain that determination. However, the Ninth Circuit has held that individuals are "in custody" for purposes of § 2241 if they are "subject to a final order of deportation." *Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir.1995).

Nonetheless, because the Court finds the contention without merit, and because mootness relates to the jurisdiction of the Court, the undersigned nonetheless addresses it. *See Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) ("Mootness is jurisdictional.").

Respondents cite *Zegarra-Gomez v. I.N.S.*, 314 F.3d 1124 (9th Cir. 2003) in support of their contention.  In that case, the Ninth Circuit held "that the case or controversy requirement is satisfied where the petitioner is deported, so long as he was in custody when the habeas petition was filed and continues to suffer actual collateral consequences of his removal." *Id.* at 1127.  *But see Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007) (finding petition challenging detention moot because "where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody").

**In Custody** – In suggesting the case is moot, Respondents focus on the lack of clarity on whether Petitioner was in custody at the time his habeas petition was filed.

The requirement for being "in custody" applied in *Zegarra-Gomez* was not explained.  Rather, it appears that this was a reference to the general "in custody" requirement for jurisdiction under 28 U.S.C. § 2241(c)(1).  It is true that the Ninth Circuit has long held that an alien subject to a final order of removal is "in custody for purposes of § 2241 even if they are not detained, if they are "subject to a final order of deportation." *Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir.1995).  However, that only establishes custody where the removal has not yet been executed.  An alien removed before filing his petition "cannot avail himself of habeas corpus jurisdiction because he has already been removed and therefore is no longer 'in custody.'" *Miranda v. Reno*, 238 F.3d 1156, 1158 (9th Cir. 2001).  While there are exceptions for "extreme circumstances," e.g. when the INS removed an immigrant "in violation of the immigration judge's order and after interference with his right to counsel", *Singh v. Waters*, 87 F.3d 346, 349 (9th Cir.1996), Petitioner posits no such extreme circumstances here.

In any event, this Court has already concluded that Petitioner "raises a prima facie case that he was still in custody at the time this Petition was filed." (Order 1/5/18, Doc. 12 at 1.) Respondents proffer nothing upon which the undersigned could reach a contrary finding.

The executed Warrant of Removal (Exhibit D) reflects Petitioner's removal from Mesa, Arizona, on October 11, 2017. Petitioner presented counsel's declaration that Petitioner asserted he had departed on the plane between 8:00 and 9:00 a.m., and made stops in Honolulu, Guam, and Bangladesh, before arriving in New Delhi. (Supp. Resp. Doc. 10, Declaration.) Petitioner argued in response to the Order to Show Cause, that he was still en route at the time his Petition was filed, and thus he was within the physical custody of the government (or at least its agent, the airlines), at the time his Petition was filed. (Response, Doc. 9.)

In *Umanzor v. Lambert*, 782 F.2d 1299 (5th Cir. 1986), the Fifth Circuit determined that an alien remained "in custody" for purposes of habeas jurisdiction when his flight out of the country became airborne minutes before his habeas petition was filed. "Umanzor was under actual physical restraint by the government's agent—the airline—at the moment the habeas petition was filed. Umanzor was imprisoned inside of the aircraft, against his will, until the aircraft completed the flight and he was released." *Id.* at 1302.

Respondents proffer nothing to counter the factual contentions that Petitioner remained en route at the time his Petition was filed, or to suggest that being confined within the plane did not establish custody for purposes of habeas jurisdiction.

**Collateral Consequences** – Respondents also propose no basis to conclude that Petitioner does not continue to suffer actual collateral consequences of his removal. In *Zegarra-Gomez*, the court observed that because the alien's "inability to return is a concrete disadvantage imposed as a matter of law, the fact of his deportation did not render the pending habeas petition moot." 314 F.3d at 1127. Respondents proffer nothing to suggest that Petitioner does not continue to suffer similar barriers to his return

to this country, nor that a grant of relief would not redress those collateral consequences. Indeed, the relief requested by Petitioner is an order requiring the BIA to reopen his asylum proceedings. If that relief were granted, and a different result were obtained on asylum, Petitioner could return and potentially remain in this country indefinitely.

**Summary** – Based on the foregoing, the undersigned concludes that the Petition was not rendered moot by Petitioner's removal.

## B.  JURISDICTION TO REVIEW ASYLUM DECISION

Respondents argue that this Court lacks jurisdiction because of 8 U.S.C. § 1252(a)(5) and (b)(9).

Petitioner argued in his Petition that under 8 U.S.C. § 1252(a)(2)(B)(ii) this Court retains jurisdiction to review claims of constitutional or legal error. (Petition, at Memorandum, ¶ 4, physical page 15.)  Petitioner does not, however, address the application of §§ 1252(a)(5) and (b)(9).

Section 1252 provides, in pertinent part:

> **(a) Applicable Provisions**
> * * *
> **(5) Exclusive means of review**
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e). For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).
> * * *
> **(b) Requirements for review of orders of removal**
> * * *
> **(9) Consolidation of questions for judicial review**
> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this

section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

These provisions create a scheme intended to make the circuit court petition for review "the exclusive means to challenge an order of removal," and to consolidate "all 'questions of law and fact ... arising from any action taken or proceeding brought to remove an alien' into a petition for review." *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012).

After the enactment of these provisions, the habeas jurisdiction of the district court in immigration cases is limited to "claims that are 'independent of challenges to removal orders.'" *Id.* at 622 (quoting *Singh v. Gonzales*, 499 F.3d 969, 978 (9th Cir. 2007)).  The provisions prohibit "claims that indirectly challenge a removal order," and "the distinction between an independent claim and indirect challenge 'will turn on the substance of the relief that a plaintiff is seeking.'"  *Id.* at 622.  "When a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, it is prohibited by section 1252(a)(5)."  *Id.* at 623.  This includes not only the initial removal decision, but also "the BIA's determination that he was ineligible for asylum, withholding of removal, and relief under the CAT…[which] was the basis of its removal order." *Id.* at 623.

In contrast, a claim of ineffective assistance of counsel in failing to timely petition for review by the circuit court does not challenge the procedure and substance of the agency determination, because the only remedy to be provided by the district court was the restarting of the time for a petition for review.  That is so "notwithstanding his ultimate goal or desire to overturn that final order of removal." *Singh v. Gonzales*, 499 F.3d 969, 979 (9th Cir. 2007).

Here, parts 1 (deficiencies in asylum application) and 2 (untimely motion to reopen) of Petitioner's claim concerns the effectiveness of counsel in the administrative proceedings.  Thus, it challenges the procedure of the agency determination, and is

inextricably linked to the order of removal, and thus this Court lacks jurisdiction over the claim.

Petitioner's reliance on § 1252(a)(2)(B)(ii) does not avoid the bar. (*See* Petition, Doc. 1, Memorandum at ¶ 4, physical page 15.) That section simply bars habeas jurisdiction over decisions to be made in the "discretion of the Attorney General."

Moreover, although §1252(a)(2)(D) makes clear that "[n]othing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law," it also limits such review to issues "raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." "The plain language of the REAL ID Act grants jurisdiction to *appellate courts* to review questions of law presented in petitions for review of final orders of removal, even those pertaining to otherwise discretionary determinations." *Afridi v. Gonzales*, 442 F.3d 1212, 1218 (9th Cir. 2006), *overruled on other grounds by Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (emphasis added).

Therefore, under 8 U.S.C. § 1252(a)(5), this Court lacks jurisdiction to entertain a habeas petition founded upon claims that Petitioner was denied due process as a result of ineffective assistance of counsel in his asylum proceedings.

Thus parts 1 and 2 of Petitioner's claim must be dismissed. Because this court lacks jurisdiction to resolve the claims, that dismissal should be without prejudice to Petitioner's presentation of the claims in another forum, *i.e.* the circuit court of appeals.

## C. PRUDENTIAL EXHAUSTION

In part 3 of his claim, Petitioner argues that his attorney's ineffectiveness extended outside the administrative removal process, and into his petition for review by the Ninth Circuit.

Respondents argue that this Court should deny review of this issue on the basis of a prudential exhaustion requirement. Respondents argue that Petitioner's proper judicial

remedy is a motion to recall the mandate in the Ninth Circuit.

Petitioner has not addressed this issue.

Section 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir.2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 36 n.5 (2006). Nonetheless, "we require, as a prudential matter, that habeas petitioners exhaust available judicial ... remedies before seeking relief under § 2241." *Id.*

Respondents argue that a motion to recall the mandate is an available judicial remedy.[2] Indeed, the circuit courts permit motions to recall the mandate to reopen petitions for review in exceptional circumstances.

> The authority of a Court of Appeals to recall its mandate is clear. While the authority is not conferred by statute, it exists as part of the court's power to protect the integrity of its own processes. The authority may be exercised for "good cause" or to "prevent injustice." This power, however, should be exercised only in exceptional circumstances. Whether the power is exercised at all falls within the discretion of the court, but such discretion should be employed to recall a mandate only when good cause or unusual circumstances exist sufficient to justify modification or recall of a prior judgment.

*Zipfel v. Halliburton Co.*, 861 F.2d 565, 567 (9th Cir. 1988). One flavor of exceptional circumstances potentially justifying the recall of an appellate court's mandate is the ineffective assistance of counsel before the appellate court. *See Watson v. United States*, 536 A.2d 1056, 1060 (D.C. 1987).

Accordingly, Petitioner has available to him a judicial remedy other than the instant habeas proceeding to seek to reopen his removal proceedings. Accordingly, this habeas proceeding should be dismissed without prejudice for failure to exhaust available judicial remedies.

---

[2] Petitioner has pending with the Ninth Circuit his Petition for Review from the BIA's rejection of his motion to reopen administrative proceedings. Presumably, that proceeding would not resolve counsel's alleged ineffectiveness before the Ninth Circuit. Because the undersigned has concluded that this Court lacks jurisdiction over the administrative proceeding (because of § 1252(a)(5)), the undersigned does not consider whether the pendency of that petition for review results in a failure to exhaust. Moreover, Respondents do not argue that it does.

10

**D. SUMMARY**

Petitioner's Petition is not moot.  However, his challenges to the administrative proceedings are precluded by 8 U.S.C. § 1252(a)(5) from the habeas jurisdiction of this court.  His challenges to the proceedings in the Ninth Circuit Court of Appeals have other judicial remedies available, *i.e.* a motion to recall the mandate, and thus must be dismissed.

Respondents request that the Petition be "denied."  While the terms "dismiss" and "deny" are often interchanged, an action which is terminated "without further hearing, esp. before the trial of the issues involved" has been dismissed.  *See* DISMISS, Black's Law Dictionary (10th ed. 2014).  Because the merits of Petitioner's claims are not reached, the undersigned will recommend a dismissal.

## IV.  CERTIFICATE OF APPEALABILITY

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2241.  Moreover, to the extent that the Rules Governing Section 2254 Cases might be found to apply to this proceeding, the Petition does not challenge detention pursuant to a State court judgment. Accordingly, a decision on a certificate of appealability is not required.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed October 11, 2017  (Doc. 1) be **DISMISSED**.

/ /

/ /

11

## VI.  EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

In addition, the parties are cautioned Local Civil Rule 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated: April 11, 2018

17-3692r RR 18 04 04 on HC.docx

James F. Metcalf
United States Magistrate Judge

12